FILED IN OPEN COURT
5/20/2021
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:20-cr-150-HES-JRK

BRIAN CHRISTOPHER KING

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, BRIAN CHRISTOPHER KING, and the attorney for the defendant, A. Russell Smith, mutually agree as follows:

**A.     Particularized Terms**

　　1.     **Count Pleading To**

The defendant shall enter a plea of guilty to Count Two of the Indictment. Count Two charges the defendant with transmitting communications in interstate commerce that contained threats to injure the person of another in violation of 18 U.S.C. § 875(c).

　　2.     **Maximum Penalties**

Count Two carries a maximum sentence of five years' imprisonment, a fine of $250,000, or both imprisonment and fine, a term of supervised release of three years, and a mandatory special assessment of $100 due on the date of sentencing. A

Defendant's Initials _BCK_                                              AF Approval _MT_

violation of the terms and conditions of supervised release carries a maximum sentence two years' imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. **Elements of the Offenses**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. Specifically, the elements of Count Two are:

>One: the Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and
>
>Two: the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

4. **Count Dismissed**

At the time of sentencing, Count One of the Indictment will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States

Defendant's Initials BCX

2

will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. **United States' Sentencing Recommendation**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence of six months' imprisonment followed by a three-year term of supervised release. The defendant

Defendant's Initials _BCX_    3

understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.    Standard Terms and Conditions**

    1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is

Defendant's Initials _BCX_

4

due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. **Supervised Release**

The defendant understands that the offense to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _BCX_    5

5.  **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _BCX_

6

6. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States

Defendant's Initials _BCX_

7

Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials _BC_    8

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

Defendant's Initials _BCX_           9

offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _BCX_       10

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __12__ day of May 2021.

KARIN HOPPMANN
Acting United States Attorney

_____
BRIAN CHRISTOPHER KING
Defendant

_____
MICHAEL J. COOLICAN
Assistant United States Attorney

_____
A. RUSSELL SMITH
Attorney for Defendant

_____
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials _BCK_       11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA          CASE NO. 3:20-cr-150-HES-JRK

v.

BRIAN CHRISTOPHER KING

### PERSONALIZATION OF ELEMENTS

**As to Count Two:**

1. Do you admit that on March 20, 2020, in the Middle District of Florida, you placed a telephone call to an office in the District of Columbia and knowingly made a true threat to ~~injury~~ injure [BCK] the person of another, that is, a serious threat made under circumstances that would place a reasonable person in fear of being injured?

2. Do you admit that you made that interstate telephone call with the intent to communicate a true threat and with the knowledge that it would be viewed as a true threat?

Defendant's Initials _BCK_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA            CASE NO. 3:20-cr-150-HES-JRK

v.

BRIAN CHRISTOPHER KING

### FACTUAL BASIS

The defendant, Brian Christopher King, resides in Interlachen, Florida, in the Middle District of Florida. In the evening of March 20, 2020, using his cellphone, the defendant placed two telephone calls to the office of a United States Senator in the District of Columbia. On both occasions, he left recorded voicemails.

During the first call, the defendant twice made statements about cutting off the head of the intended recipient of the call, completing that message by stating, "you're going to get yours . . . ." During the second call, the defendant again made two statements about cutting off heads, completing the call by stating, "we'll get you one way or the other . . . ." Both calls were laced with profanity. The defendant sounded intoxicated in each.

On March 24, 2020, an FBI Special Agent and two FBI Task Force Officers went to the defendant's home, but the defendant was not present. The agent then called the number of the phone used to call the Senator's office. The defendant answered the call and agreed to meet the agent at his home.

Defendant's Initials _BCK_

At the defendant's home, the agent played for him one of the voicemails that he had left with the Senator's office. The defendant agreed that it was his voice on the recording, but stated that he did not remember making the call because he had been intoxicated. The defendant stated that he did not intend to travel to Washington D.C. or to harm anyone. He permitted the agent to look at the call history of his cellphone, which confirmed that his phone was used to place the two calls to the Senator's office at issue.

The agent cautioned the defendant that the FBI takes threats against elected official very seriously. He also reminded the defendant that he had been to the defendant's home previously under similar circumstances. (Specifically, in 2018, the agent had interviewed the defendant in connection with a telephone call that the defendant had made to a police department in the State of New York about a former elected official and presidential candidate.)

Following this interview, on June 22, 2020, the defendant called a police department in California. He stated that he had heard that someone was going to cut off the heads of a specific Member of the House of Representatives and a specific U.S. Senator, adding "that would be good, right?"

Defendant's Initials _BCX_    2